LORENZ DICKERT, Plaintiff and Appellant *v.* SALT LAKE CITY RAILROAD COMPANY, Defendant and Respondent.

Personal Injuries—Common Carriers—Liability. Negligence —Custom—Instructions. Reasonable Care—When Should be Defined.

*Personal Injuries—Common Carriers—Liabilities.*

However unusual the method of a common carrier, such as a street railway company, in starting its cars, if that method is dangerous and its use violative of the high degree of care, which the carrier is required to observe regarding its passengers, and in the use of that method a passenger is injured, the carrier is liable.

*Negligence—Custom—Instructions.*

In an action for damages for personal injuries alleged to have been caused by the defendant starting one of its cars, on which the person injured was a passenger, in a reckless, careless and negligent manner, the question for the jury is whether or not in this particular instance the car was started in a negligent, dangerous or improper manner, and an instruction which in effect charges the jury that if the officers of the defendant, by experience, were satisfied in their own minds that the method used in starting the car was reasonably safe, defendant would not be liable, is erroneous.

*Reasonable Care—When Should be Defined.*

In such a case, an instruction that "the defendant, being a carrier of passengers for hire, the law imposes upon it a reasonable degree of care and foresight to prevent injuries to persons lawfully traveling in its cars," is defective in not defining to the jury what, under the law, a reasonable degree of care is.

(Decided Nov. 4, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff to recover for injuries sustained by his wife while she was a passenger on a street car of the defendant company.

From a judgment for defendant, plaintiff appealed. *Reversed.*

*Messrs. C. F. & F. C. Loofbourow,* for appellant.

On degree of care required of common carrier appellant cited: Story on Bailments (8th Ed.) Sec. 601; Shearman and Redfield on Negligence (2d Ed.) Sec. 266; *Jamison v. Ry. Co.,* 55 Cal. 593; *Hegeman* v. *Ry. Co.,* 13 N. Y. 9; *Maverick* v. *Eighth Ave. R. R. Co.,* 36 N. Y. 378; *Coddington* v. *R. R. Co.,* 102 N. Y. 66; *Ingalls* v. *Bills,* 9 Metcalf 1; *Pershing* v. *C. B. & Q. Ry. Co.,* 71 Iowa, 561; *Meier* v. *Pa. Ry. Co.,* 64 Pa. St. 225; *Shoemaker* v. *Kingsbury,* 12 Wall. 376; *Ry. Co.* v. *Horst,* 9 U. S. 291.

The manner in which the defendant usually conducted its business or in which it started its cars on other occasions could have no bearing on the question whether it was guilty of negligence on the occasion under inquiry. *Hodges* v. *Breese,* 129 Ill. 87; *Wright* v. *Boller,* 44 Hun. (N. Y.) 77; *Woostec* v. *Ry. Co.,* 72 Hun. (N. Y.) 197; *Maguire* v. *Ry. Co.,* 115 Mass. 239; *Whitney* v. *Gross,* 140 Mass. 232; *Hays* v. *Millar,* 77 Pa. St. 238; *Eppendorf* v. *Ry. Co.,* 69 N. Y. 195.

*Messrs. Pierce, Critchlow & Barrette,* for respondent.

Appellant's position is that the word "reasonable" as used by the court in this instance means "unreasonable,"

or something less than reasonable or something more than reasonable. In other words, by some strange freak of language "reasonable" and "unreasonable" have come to be equivalent terms.

The process by which this result is reached is curious. It is by assuming that the word "reasonable" is in all cases equivalent to "ordinary" or "low degree" or "slight," and by making the further assumption that under all circumstances and under all conditions the duty of the common carrier toward its passengers is the exercise of the very highest degree of care that human skill and foresight is capable of. Both these propositions are unsound. A consideration of the following cases demonstrates the fallacy of appellant's argument: *Ernst* v. *Hudson R. Ry. Co.*, 35 N. Y. 927; *Dygert* v. *Bardley*, 8 Send. 469; *Brown* v. *Kendall*, 6 Cush. 292; *Philadelphia Ry. Co.* v. *Spearan*, 47 Pa. St. 300; *Wolf* v. *American Express Co.*, 43 Mo. 421; *Brotherton* v. *Manhattan B. Imp. Co.*, 33 L. R. A. 598; *Laufer* v. *Bridgeport Traction Co.*, 33 L. R. A. 533; *New Orleans, etc. Ry. Co.* v. *McEwen*, 38 L. R. A. 134; *Saunders* v. *Southern Pac. Co.*, 13 Utah 291; *Thompson* v. *Salt Lake R. T. Co.*, 16 Utah 289.

BASKIN, J.

This is an action in which the plaintiff, who is the appellant, seeks to recover for injuries sustained by his wife, while she was a passenger on a street car of the defendant.

The complaint, among other matters not necessary to notice, alleges, "That after the said Anna Dickert had so entered into said car, and while she was walking from the entrance door thereof to a seat in the said car, and before she had time to take her seat or reach a place of safety;

and before she had sat down in said car, the defendant, suddenly and without any warning, and recklessly, carelessly and negligently, started said car, and put the same in motion with a sudden and violent jerk, and thereby, and without any negligence on the part of said Anna Dickert, threw and prostrated the said Anna Dickert violently and with great force upon the floor of said car, whereby her right arm was broken in such a way that she was permanently injured and lost the use of her right arm and hand permanently and for the remainder of her life, and was otherwise greatly injured and disabled in body."

The answer denies the alleged negligence, and alleges contributory negligence on the part of plaintiff's wife. The jury found for the defendant, and final judgment was rendered against the plaintiff. The motion of plaintiff for a new trial having been overruled, he appealed to this court. Exceptions were duly taken to and error assigned upon the following instructions:

"4th. Although, as a general rule, a street car company is not liable for injuries caused by the starting of its cars, yet it may be liable where the method or manner is unusual and dangerous to passengers. If, when Mrs. Dickert entered the car in question, she exercised reasonable and ordinary care for her own safety, and proceeded as expeditiously as she could, under all the circumstances, toward a seat, and if, before she became seated, the car was started with a sudden, unusual and violent jerk sufficient to throw her to the floor of the car, and which did throw her down while she was exercising ordinary care for her own safety, and as a result of said fall was injured, as alleged in the complaint, then such acts of the defendant, through its agents or servants, would constitute negligence, and the defendant would be liable to the plaintiff

for damages sustained by him, as a result of tho fall of his wife, as explained in these instructions.

" 6th. If you believe from tho testimony that tho employees of the defendant were negligent, either in starting the car before Mrs. Dickert had become seated, or in starting the car with a sudden, unusual or violent jerk, as explained in tho preceding instruction; and if you further find that by reason of such negligence Mrs. Dickert was thrown to the floor of the car and injured, without any fault of her own, the plaintiff will be entitled to recover a verdict for such amount of damages as the evidence shows he has sustained on account of the injury thus inflicted upon his wife.

"13th. If you find in this case that the car was started in the ordinary manner, and without any unusual circumstances attending the same, and that in the course of its experience defendant had found that the manner adopted at this time was reasonably safe, and in no manner calculated to cause injury to any of the passengers, and if you further find as a matter of fact that the method ordinarily, and upon this occasion adopted was reasonably safe, and not calculated to injure passengers, then the defendant cannot be held liable, unless you find that by reason of her feeble health or extreme nervousness, of which the defendant had reasonable notice, she was entitled to extra care and precautions."

Plaintiff objects to the use, in said instructions, of the following language: "Although as a general rule, a street car company is not liable for injuries caused by the starting of its cars, yet it may be liable where the method or manner is *unusual* and dangerous to passengers." * * * " If before she (the wife of plaintiff) became seated the car was started with a sudden, *unusual* and violent jerk." * * * " If you find that the car was

started in the ordinary manner, and without any *unusual* circumstances attending the same, etc."

By the use of this language, in the connection in which it was used, the jury was, in effect, instructed that the plaintiff was not entitled to recover unless the car was started in an unusual and dangerous manner, which was, in effect, the same as saying to them that if the car was started in the usual manner the plaintiff could not recover, although the usual manner was dangerous. The question for the jury was not whether the car was started in the usual or unusual manner, but whether the manner was such as the duty of the defendant to its passengers required, or in other words whether the car in this particular instance was started in a negligent, dangerous or improper manner.

However usual the method of starting the car may have been if that method was dangerous and its use violative of the high degree of care, which the carrier is required to observe regarding its passengers, the defendant was liable.

The following language of the court is also objectionable, towit: "If you find in this case that the car was started in the ordinary manner, and without any unusual circumstances attending the same, and that in the course of its experience defendant had found that the manner adopted at this time was reasonably safe, and in no manner calculated to cause injury to any of its passengers, and if you further find as a matter of fact that the method ordinarily, and upon this occasion adopted was reasonably safe, and not calculated to injure passengers, then the defendant cannot be held liable."

The question for the jury to determine was not whether by experience the defendant had found the manner adopted was reasonably safe, etc., but was whether the evidence

in the case warranted the jury in so finding.   The simple meaning of the terms "the defendant in its experience found, etc.," is that the officers of the defendant, by experience, were satisfied in their own minds that the method used was reasonably safe.   If the jury had found that the defendant by experience had found that the method was reasonably safe, they would not for that reason have been warranted in returning a verdict for the defendant, because that fact was not germain to the issue and did not in the least tend to establish that the method was in fact reasonably safe, etc.

The court also instructed the jury that, "In this case the defendant, being a carrier of passengers for hire, the law imposes upon it a reasonable degree of care and foresight to prevent injuries to persons lawfully traveling in its cars."   This instruction is defective in not defining to the jury what, under the law a reasonable degree of care is, and, as claimed by appellant, was not therefore a proper statement of law upon that question.

The giving of each of the foregoing instructions tended to mislead the jury, and was erroneous.

It is ordered that the judgment of the lower court be reversed; the case remanded for a new trial, and that the respondent pay the costs.

BARTCH, C. J. and MINER, J. concur.